# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30943
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2017

Lyle W. Cayce
Clerk

CLAIMANT ID 100107975,

      Requesting Party - Appellant

v.

BP EXPLORATION & PRODUCTION, INCORPORATED; BP AMERICA
PRODUCTION COMPANY; BP, P.L.C.,

      Objecting Parties - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-12788

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

      Peter Landgrave runs his business Hi and Dry Boat Lifts in southern Louisiana. Landgrave filed a claim for compensation with the administrators of the Economic and Property Damages Settlement agreement negotiated between Gulf Coast plaintiffs and BP in the wake of the *Deepwater Horizon*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disaster. His claim was for economic losses—in substance reduced demand for boat lifts caused by the spill.

The claim's administrator denied Landgrave's claim. The Appeal Panel also turned him down. Landgrave then exercised his option to request Discretionary Review by the district court. When the district court declined to second guess the Appeal Panel, he appealed to this court.

Landgrave now argues that the district court erred by not granting his request for discretionary review. He contends that it was a mistake for the claim's administrator to turn down his claim because he presented evidence to satisfy the requirements of the Settlement Agreement for lost revenue. The usual course for showing that the spill caused a decline in a business's revenue is to demonstrate that charting it against time reveals a V-shape over the period before and after the disaster: revenue declines during the period when pollution stunted commerce and recreation along the Gulf Coast but then rebounds as the effects of the disaster subside. The weakness in Landgrave's case all along has been that his revenue figures exhibit the dip but not the upswing.

The Settlement Agreement allows someone with revenue figures like Landgrave's to participate nonetheless if he or she can present "specific documentation" of factors outside of his or her control that kept business from rebounding. In this court, Landgrave argues that he accompanied his claim to the Settlement Administrators with evidence that satisfies this standard. On his view, it follows that the claim's administrator and the Appeal Panel were wrong and that the district court should have reviewed his claim.

The trouble is that Landgrave did not make this argument to the Appeal Panel. The Settlement Agreement contains "Rules Governing Discretionary Review of Appeal Determinations," and Rule 30 states that the "issues for review by the Court shall be limited to those issues that were properly raised

before the Appeal Panel." When he went to the Appeal Panel, Landgrave sought to make up for his failure to satisfy the V-curve test under another provision of the Settlement Agreement that allowed businesses with less than $75,000 in revenue to piggyback on the proof offered by neighboring businesses (the causation proxy test). The Appeal Panel rejected this argument and never heard Landgrave's contention that he met the separate factors-outside-of-his-control test. It follows that Landgrave cannot show that the district court should have heard his case when he failed to satisfy Rule 30 by making his argument to the Appeal Panel first.

* * *

The judgment is AFFIRMED.